```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**DAVID A. GOAD,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 1:06-00870**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court are the parties' respective motions for judgment on the pleadings.  (Doc. Nos. 8, 10.)  By Standing Order entered on August 1, 2006, and filed in this case on October 12, 2006, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  (Doc. No. 3.)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs the magistrate judge to submit proposed findings and recommendations concerning the disposition of this matter.  (Id.)  On January 31, 2008, the magistrate judge submitted his Proposed Findings and Recommendations ("PF & R").  (Doc. No. 13.)  On February 11, 2008, plaintiff submitted timely objections to the PF & R (Doc. No. 14), to which the defendant has responded (Doc. No. 15).  Accordingly, the court has undertaken a de novo review of the plaintiff's objections.

**I.     Plaintiff's Objection**

The plaintiff objects to Magistrate VanDervort's PF & R, arguing that the Commissioner's decision was not based upon substantial evidence because the Administrative Law Judge ("ALJ") erred by failing to take into account the testimony of the claimant's mother, Mrs. Jacqueline Goad, in violation of 20 C.F.R. §§ 416.912, 416.913(d).  (Doc. No. 14 at 3.)

**II.    Standard of Review**

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

**III.   Analysis**

When an ALJ fails to believe lay testimony about a claimant's allegations of impairment, he or she should discuss the testimony specifically and make explicit credibility determinations.  Morgan v. Barnhart, 142 Fed. Appx. 716, 731 (4th

Cir. 2005)(unpublished)(citing Smith v. Heckler, 735 F.2d 312, 313 (8th Cir.1984)); Smith v. Weinberger, 394 F. Supp. 1002 (D. Md. 1975)(an ALJ's failure to give specific reasons for rejecting lay testimony leads to the conclusion that the ALJ failed to consider it at all).

    Nevertheless, several courts have held that the listing of specific reasons for dismissing the testimony of a lay witness is not necessary when the lay witness's testimony merely repeats the claimant's allegations which were discredited, and/or the lay witness's testimony is contradicted by the same objective evidence discrediting the claimant's testimony. See, e.g., Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995)(failure to list reasons for the rejection of lay testimony is excusable where lay testimony was discredited by the same evidence discrediting the claimant's own testimony); Carlson v. Shalala, 999 F.2d 180 (7th Cir. 1993) (rejection of lay testimony, without articulation of reason, was upheld because that testimony merely corroborated claimant's testimony which the ALJ explicitly discredited); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (arguable deficiency of failing to specifically discredit witness has no bearing on outcome when the witness's testimony is discredited by the same evidence that proves claimant's claims not credible); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (ALJ properly discounted the lay testimony of a former

employee of the claimant where the lay testimony conflicted with the medical evidence or record).

In the instant case it is clear that the ALJ considered the testimony of the plaintiff's mother. See Stevens v. Heckler, 766 F.2d 284, 287 (7th Cir. 1985) (the ALJ need not evaluate in writing every piece of testimony and evidence submitted). Specifically, the ALJ stated that:

> Also testifying at the hearing was Mrs. Jacqueline Goad, claimant's mother who essentially corroborated the claimant's testimony. She stated that he had difficulty dealing with his problems. He stays home most of the time. He no longer hallucinates around the family and gets along with them better since he started taking medication. She says that he does not have any close friends, but he has a girlfriend who has accepted his illness. She claims that his depression, mood, and anger problems have not improved.

(Doc. No. 7 at 18.) The plaintiff objects to the analysis quoted directly above arguing that the ALJ erred by failing to give specific reasons for discrediting the testimony of the plaintiff's mother.

Although Mrs. Goad's testimony was more vivid then that of the plaintiff and involved stories dating back to the plaintiff's early childhood, the keystone of both testimonies was that the plaintiff has a history of psychotic thoughts and actions, and that these psychotic thoughts and actions have decreased (somewhat) in frequency and severity since the plaintiff has been taking his medication. (Id.) Accordingly, the ALJ was correct is determining that the testimony of Mrs. Goad was corroborative of the testimony

-4-

of plaintiff.  Moreover, it is quite clear that the credibility of Ms. Goad's testimony as to the severity of the plaintiff's mental impairment is suspect for the exact same reasons the plaintiff's testimony is suspect.  Simply put, the ALJ's opinion is chalked full of medical evidence and descriptions of daily living which undermine the testimony of both Mrs. Goad and the plaintiff.  (Id. at 18-20.)

Consequently, the court finds that it was unnecessary for the ALJ to give specific reasons for why he discredited the testimony of Mrs. Goad.

**IV. Conclusion**

The plaintiff has failed to direct the court to any matters on which the conclusion of the Commissioner was not supported by substantial evidence.  Accordingly, for the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**.  In an accompanying Judgment Order, the court adopts the factual and legal analysis contained within the Proposed Findings and Recommendation, denies plaintiff's motion for judgment on the pleadings (Doc. No. 8), grants defendant's motion for judgment on the pleadings (Doc. No. 10), affirms the final decision of the Commissioner, and dismisses this matter from the court's active docket.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 7th day of March, 2008.

ENTER:

*David A. Faber* (signature)

David A. Faber
United States District Judge